Mara D. Curtis (SBN 268869)
mcurtis@reedsmith.com
Timothy M. Wojcik (SBN 272374)
twojcik@reedsmith.com
Samantha Jones (SBN 365962)
samantha.jones@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant,
MEDVET CALIFORNIA, INC. (d/b/a MedVet for Pets, Inc. erroneously sued as MedVet for Pets, Inc.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KATHRYN CONWELL, on behalf of herself and others similarly situated,

Plaintiff,

vs.

MEDVET FOR PETS, INC., an Ohio corporation; MEDVET CALIFORNIA, INC., an entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 5:25-cv-10261-BLF

[Superior Court of California, Santa Clara County Case No.: 25CV478178]

**DEFENDANT MEDVET CALIFORNIA, INC.'S AMENDED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

| | |
|---|---|
| Judge: | Hon. Beth Labson Freeman |
| Complaint Filed: | October 21, 2025 |
| Trial Date: | May 8, 2028 |

Defendant MEDVET CALIFORNIA, INC. (d/b/a MedVet for Pets, Inc.; "Defendant") by and through its undersigned counsel, hereby answers and asserts defenses and affirmative defenses to Plaintiff KATHRYN CONWELL's ("Plaintiff") Unverified Complaint ("Complaint"), responding to each of the Complaint's paragraphs in the correspondingly numbered paragraphs below:

**INTRODUCTION**

1. Defendant admits that Plaintiff is a former employee of Defendant, that Plaintiff performed work for Defendant in California, and that Plaintiff's putative class, as defined by Plaintiff, includes current and former employees of Defendant. Defendant further admits that Plaintiff purports to bring this lawsuit as a class action under state law on behalf of herself and other employees she deems to be similarly situated. Defendant denies, however, that Plaintiff can proceed on behalf of these individuals and denies that Plaintiff and the employees she deems to be similarly situated are entitled to any relief under state law. The remaining allegations contained in Paragraph 1 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that Plaintiff represented to Defendant that she is a resident of California. Defendant further admits that Plaintiff was employed by Defendant as a non-exempt hourly employee in Santa Clara County. The remaining allegations contained in Paragraph 2 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

**THE PARTIES**

**A. The Plaintiff**

4. Defendant admits that Plaintiff represented to Defendant that she is a resident of California. Defendant further admits that Plaintiff worked for Defendant in California as a non-exempt employee paid on an hourly basis. The remaining allegations contained in Paragraph 4 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 4.

**B. The Defendants**

5. Defendant admits that MEDVET FOR PETS, INC. is a dba used by Defendant and that the dba "MEDVET FOR PETS, INC." is on the employee handbook issued to Plaintiff during the relevant period. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it is an Ohio corporation and that its principle executive offices are in Worthington, Ohio. Defendant further admits that it is listed as the employer on Plaintiff's W-2 during the relevant time period. Defendant further admits that it does not list a California address with the California Secretary of State. Defendant further admits that it has employees in Santa Clara County and that it has an office in Mountain View, California. The remaining allegations contained in Paragraph 6 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 7.

8. The allegations contained in Paragraph 8 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 8.

9. The allegations contained in Paragraph 9 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 9.

**JURISDICTION AND VENUE**

10. Defendant admits that it is within the Court's jurisdiction as to Plaintiff's individual claims as alleged in the Complaint, and to the purported class claims as alleged in the Complaint. Defendant admits that Plaintiff seeks to bring this action pursuant to California Code of Civil Procedure § 382 on behalf of a of similarly situated employees of Defendant. Defendant admits that venue is proper in Santa Clara County to the extent that the United States District Court for the Northern District of California embraces Santa Clara County for claims under California law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant further admits that it maintains and operates offices and facilities in Santa Clara County and employed Plaintiff and other members of the putative class in Santa Clara County and in certain other locations in California. The remaining allegations in Paragraph 10 of the Complaint are otherwise so vague and ambiguous that they preclude a response and set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 10.

**FACTUAL BACKGROUND**

11. Defendant admits that Plaintiff and members of the putative class were nonexempt employees. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that at times Plaintiff and other alleged putative class members were paid at least some additional items of compensation. Except as heretofore expressly admitted, Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that at times Plaintiff and other alleged putative class members were paid at least some additional items of compensation. Except as heretofore expressly admitted, Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

26. Defendant admits that Plaintiff purports to bring this case for alleged violations of various Labor Code sections, but Defendant denies that any such violation occurred. The remaining allegations in paragraph 26 are conclusions of law to which no response is required, to the extent a response is required Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff seeks injunctive relief, restitution and disgorgement but denies that such is appropriate. The remaining allegations in paragraph 27 are conclusions of law to which no response is required, to the extent a response is required Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

**CLASS ALLEGATIONS**

28. Defendant admits that Plaintiff seeks to bring this action pursuant to Code of Civil Procedure § 382 on behalf of a putative class she defines as "all individuals employed by Defendant[] as non-exempt employees within the State of California at any time within four (4) years of the filing of this lawsuit." Defendant denies that Plaintiff can proceed on behalf of any putative class or subclass of employees, denies that any class or subclass can or should be certified, and denies that Plaintiff and the employees she deems to be similarly situated are entitled to any form of relief. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant admits that Plaintiff seeks to represent subclasses as defined in subsection (a)-(k) of Paragraph 29 of the Complaint. Defendant, however, denies that Plaintiff can proceed on behalf of any putative class or subclass of employees, denies that any class or subclass can or should be certified, and denies that Plaintiff and the employees she deems to be similarly situated are entitled to any form of relief. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant admits that Plaintiff seeks to reserve the right to establish various subclass definitions at the class certification stage according to proof. Defendant denies that Plaintiff can proceed on behalf of any putative class or subclass of employees, denies that any class or subclass can or should be certified, and denies that Plaintiff and the employees she deems to be similarly situated are entitled to any form of relief and denies that Plaintiff can later amend or modify her putative class description. Defendant denies the remaining allegations in Paragraph 30.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

31. Defendant admits that Plaintiff has brought this action under the provisions of Code of Civil Procedure § 382. Defendant, however, denies that this action may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382. Defendant further denies that there is a well-defined community of interest in litigation and that the putative class is easily ascertainable. Defendant denies the remaining allegations in Paragraph 31.

**A. Numerosity**

32. Defendant admits that Plaintiff's putative class, as defined in Paragraph 28 of the Complaint, is estimated to exceed 100 individuals. The remaining allegations contained in Paragraph 32 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 32.

33. Defendant admits that the identities and current or former work locations of current and former employees could be obtained from Defendant's records. Defendant admits that accounting for employee turnover will increase the members in the putative class as Plaintiff has defined it. Defendant denies the remaining allegations in Paragraph 33.

**B. Commonality**

34. The allegations contained in Paragraph 34, including subsections (a)-(l), of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 34, including subsections (a)-(l).

**C. Typicality**

35. The allegations contained in Paragraph 35 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 35.

**D. Adequacy of Representation**

36. Defendant lacks knowledge or information sufficient to form a belief about the competence, capability, experience, commitment, or financial resources Plaintiff's counsel, and on that basis, denies those allegations. The remaining allegations in Paragraph 36 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant denies the remaining allegations in Paragraph 36.

**E. Superiority of Class Action**

37. The allegations in Paragraph 37 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's awareness of difficulties in managing this case. The remaining allegations in Paragraph 38 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 38.

**FIRST CAUSE OF ACTION FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

39. The allegations contained in Paragraph 39 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 38, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

40. Defendant denies the allegations in Paragraph 40.

41. The allegations in Paragraph 41 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in Paragraph 44.

45. The allegations in Paragraph 45 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 45.

46. Defendant admits that it had the ability to pay minimum wages for all time worked. Defendant denies that it willfully refused to pay such wages with the intent to secure for Defendant a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees. The remaining allegations in Paragraph 46 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 46.

47. The allegations in Paragraph 47 of the Complaint set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 47.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

48. The allegations contained in Paragraph 48 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 47, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

49. Defendant admits that certain employees may sometimes work over eight (8) hours on a given day. Defendant, however, denies that it failed to pay overtime to Plaintiff or the putative class members she seeks to represent during the putative class period. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 set forth conclusions of law to which no response is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 54.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

55. The allegations contained in Paragraph 55 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 54, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

56. Defendant lacks knowledge or information sufficient to form a belief about the meaning of the term "regularly," as used by Plaintiff, and on that basis, denies the allegations regarding the shift lengths "regularly" worked by the putative class. Defendant admits that certain employees in the putative class often work shifts greater than five (5) hours. To the extent not heretofore expressly admitted, Defendant denies the remaining allegations in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to form a belief about the meaning of the term "regularly," as used by Plaintiff, and on that basis, denies the allegations regarding the shift lengths "regularly" worked by the proposed class. To the extent not heretofore expressly admitted, Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58. Defendant denies that it failed to provide Plaintiff and the putative class with compliant meal periods or compensation for meal periods that allegedly were not provided. The remaining allegations in Paragraph 58 set forth conclusions of law to which no response is required; to the extent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

a response is deemed necessary, Defendant denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 59.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

60. The allegations contained in Paragraph 60 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 59, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

61. Defendant lacks knowledge or information sufficient to form a belief about the meaning of the term "consistently," as used by Plaintiff, and on that basis, denies the allegations regarding the shift lengths "consistently" worked by the putative class. Defendant admits that certain employees worked shifts of more than four hours. The remaining allegations in Paragraph 61 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies that it failed to authorize and permit rest periods in accordance with the law and that it failed to compensate employees for allegedly non-compliant rest periods. The remaining allegations in Paragraph 63 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 64.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FIFTH CAUSE OF ACTION FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

65. The allegations contained in Paragraph 65 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 64, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

66. The allegations in Paragraph 66 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant admits that Plaintiff seeks to recover penalties pursuant to Labor Code § 227.3. The remaining allegations in Paragraph 68 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 68.

**SIXTH CAUSE OF ACTION**

**FAILURE TO COMPLY WITH LABOR CODE §§ 245 *ET SEQ.* AND 246**

**(Against All Defendants)**

69. – 72. No response is required to Paragraphs 69 to 72 because Plaintiff has dismissed the sixth cause of action. To the extent a responses is deemed necessary, Defendant denies the allegations in Paragraphs 69-72.

**SEVENTH CAUSE OF ACTION VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

73. The allegations contained in Paragraph 73 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 72, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

74. The allegations in Paragraph 74 set forth conclusions of law to which no response is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 78.

79. Defendant admits that Plaintiff seeks to recover penalties pursuant to Labor Code § 226.3 and any other applicable statute allowing recovery of penalties as alleged in the Complaint, but denies that such penalties are appropriate. The remaining allegations in Paragraph 79 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 79.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES IN VIOLATION OF LABOR CODE § 2802**

**(Against All Defendants)**

80. The allegations contained in Paragraph 80 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 79, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

81. The allegations in Paragraph 81 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in

Paragraph 81.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies that Plaintiff and the putative class she seeks to represent have been deprived of reimbursement. The remaining allegations in Paragraph 83 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 83.

**NINTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE §§ 1174 AND 1174.5**

**(Against All Defendants)**

84. – 87. No response is required to Paragraphs 84 to 87 because Plaintiff has dismissed the sixth cause of action. To the extent a responses is deemed necessary, Defendant denies the allegations in Paragraphs 84-87.

**TENTH CAUSE OF ACTION VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

88. The allegations contained in Paragraph 88 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 87, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

89. Defendant admits that there are employees who are no longer employed by Defendant because they quit or were fired. Defendant denies the remaining allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies that it failed to timely pay any wages. The remaining allegations in Paragraph 92 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 92.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

93. The allegations contained in Paragraph 93 of the Complaint merely readopt and reallege the allegations contained in the preceding Paragraphs 1 through 92, and hence no responsive pleading is required. To the extent that a response is deemed necessary, Defendant incorporates its responses to the preceding paragraphs that are set forth above.

94. The allegations in Paragraph 94 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 95.

96. The allegations in Paragraph 96 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 98.

99. The allegations in Paragraph 99 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 99.

100. Defendant denies that it failed to pay wages and overtime, denies that failed to provide meal and rest periods and denies all of Plaintiff's other allegations of unlawful conduct in the

complaint. The remaining allegations in Paragraph 100 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 100.

101. The allegations in Paragraph 101 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 101.

102. Defendant denies engaging in the unlawful conduct alleged in the Complaint. The remaining allegations in Paragraph 102 set forth conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 102.

**RELIEF REQUESTED**

With regard to the allegations contained in the "PRAYER FOR RELIEF" and "WHEREFORE" Paragraph following Paragraph 123 of the Complaint and includes paragraphs (1) – (19), Defendant denies all alleged wrongdoing, denies that Plaintiff should have this action certified as a class or collective, denies that Plaintiff or any other employees whom she deems to be similarly situated were damaged, and denies that Plaintiff or any other individuals in Plaintiff's proposed putative class are entitled to any relief. Defendant denies the remaining allegations contained in the "PRAYER FOR RELIEF" and "WHEREFORE" paragraph following Paragraph 123 of the Complaint.

**DEMAND FOR JURY TRIAL**

With regard to the allegations contained in the "DEMAND FOR JURY TRIAL," Defendant acknowledges that Plaintiff demands a jury trial.

**<u>AFFIRMATIVE DEFENSES</u>**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

(1) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

(2) Defendant alleges, based on information and belief, that Plaintiff's Complaint, or portions thereof, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 338, 340 and 343, California Business & Professions Code Section 17208, and all other applicable limitations, statutes and requirements.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

(3) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine unclean hands, arising from, without limitation, Plaintiff's and/or the putative class members' own acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

(4) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of estoppel, arising from, without limitation, Plaintiff's and/or the putative class members', own acts and/or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

(Consent)

(5) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of

consent, arising from, without limitation, Plaintiff's and/or the putative class members' own acts and/or omissions.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

(6) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches, arising from, without limitation, Plaintiff's and/or the putative class members' own acts and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

(7) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of waiver, arising from, without limitation, Plaintiff's and/or the putative class members' own acts and/or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

(8) Defendant alleges, based on information and belief, that Plaintiff and/or the putative class members have failed to mitigate, minimize, or avoid their purported damages. Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**NINTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

(9) Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class members are barred, in whole or part, by the avoidable consequences doctrine, arising from, without limitation, Plaintiff's and/or the putative class members' failure to use reasonable measures available to them to prevent or correct the alleged violations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TENTH AFFIRMATIVE DEFENSE**

(No Standing)

(10) Defendant alleges, based on information and belief, that Plaintiff lacks standing to sue Defendant on behalf of herself and/or the putative class members, with respect to Plaintiff's Complaint or portions thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

(11) Defendant alleges, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendant has good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff and/or the putative class members based on the allegations in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

(12) Although Defendant denies that it owes any amounts to Plaintiff and/or the putative class members, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that at all times relevant hereto, a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and/or the putative class members.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unconstitutionally Vague)

(13) Defendant alleges, based on information and belief, that Plaintiff's Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions as to, among other things, due process of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Lack of Economic Injury or Harm)

(14) Defendant alleges, based on information and belief, that the purported causes of action

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in Plaintiff's Complaint are barred, in whole or in part, because Plaintiff and/or the putative class members did not suffer any actual injury as a result of a knowing and intentional violation or otherwise.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

(15) Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class members are barred to the extent that any award in this action is speculative and uncertain or would constitute unjust enrichment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Waiver of Meal Periods and/or Rest Periods)

(16) Defendant alleges, based on information and belief, that Defendant relieved Plaintiff and the putative class members of duty and provided compliant meal periods and/or rest periods, but Plaintiff and the putative class members knowingly and voluntarily chose to work and/or waived the opportunity to have duty-free meal periods and/or rest periods.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(First and Second Meal Period Waiver)

(17) Defendant alleges, based on information and belief, that certain purported causes of action of Plaintiff's Complaint are barred insofar as Plaintiff and/or the putative class members agreed by mutual consent with Defendant to waive their first meal period where the total work period per day was no more than six hours, and/or agreed by mutual consent with Defendant to waive their second meal period where the total hours worked were no more than twelve hours and the first meal period was not waived.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Follow Employer Instruction Regarding Meal Periods/Rest Periods)

(18) Defendant alleges, based on information and belief, that Plaintiff's Complaint, and the purported causes of action therein, are barred, in whole or in part, because, to the extent Plaintiff and/or the putative class members did not take meal periods and/or rest periods, it was the result of their failure to follow Defendant's reasonable instructions, and they failed to report the occurrences, if any,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Conduct of Others, Proximate Cause)

(19) Defendant alleges, based on information and belief, that although Defendant denies that Plaintiff and/or the putative class members have been damaged in any way, if it should be determined that Plaintiff and/or the putative class members have been damaged, then Defendant alleges that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Prejudgment Interest)

(20) Defendant alleges, based on information and belief, that Plaintiff's Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Multiple Recovery)

(21) Defendant alleges, based on information and belief, that the claims of Plaintiff and/or the putative class members are barred, in whole or in part, to the extent that Plaintiff and/or the putative class members seek multiple recovery for the same alleged wrong or wrongs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Release)

(22) Defendant alleges, based on information and belief, that Plaintiff's Complaint, or portions thereof, is barred because Plaintiff and/or the putative class members have released some or all such claims alleged in other proceedings.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

(23) Defendant alleges, based on information and belief, that the purported causes of action of Plaintiff and/or the putative class members are barred, in whole or in part, based on one or more

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

accords and satisfactions between them and Defendant and/or releases given by Plaintiff and/or the putative class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Res Judicata/Retraxit/Collateral Estoppel)

(24) Defendant alleges, based on information and belief, that the purported claims of Plaintiff and/or the putative class members are barred, in whole or in part, by the doctrines of res judicata, retraxit, and/or collateral estoppel as to Plaintiff and/or the putative class members to the extent that their claims have been adjudicated in other proceedings.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Clerical Error or Inadvertent Mistake)

(25) Although Defendant denies that it violated, or caused to be violated, the California Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be determined that a violation occurred, then Defendant alleges, based on information and belief, that the violation was due to a clerical error or an inadvertent mistake.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

(26) Defendant alleges, based on information and belief, that Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under the California Business and Professions Code Sections 17200, et seq.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Practice Not Unfair)

(27) Defendant alleges, based on information and belief, that Plaintiff's claims, the claims of the putative class members are barred, in whole or in part, because Defendant's business practices were not unfair within the meaning of California Business and Professions Code sections 17200 *et seq*. The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiff and/or the putative class members.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

(28) Defendant alleges, based on information and belief, that the claims for damages of Plaintiff or the putative class members are barred because they are speculative and uncertain.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(De Minimis Time)

(29) Defendant alleges, based on information and belief, that to the extent Plaintiff and the putative class members were not paid for all hours worked, such unpaid time was de minimis and, therefore, not compensable.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Offset)

(30) Defendant alleges, based on information and belief, that certain amounts sought to be recovered in this action are subject to an offset and, therefore, are barred in whole or in part because any recovery by Plaintiff and/or the putative class members must be offset by any benefits and/or other monies they have received.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Penalties Unconstitutional)

(31) Defendant alleges, based on information and belief, that Plaintiff's claims for civil penalties and/or the other putative class members' claims are unconstitutional under the United States and California Constitutional provisions of due process, equal protection, and/or the excessive fines clauses.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Alternative Workweek Schedule)

(32) Plaintiff's claims for unpaid overtime, or portions thereof, are barred, in whole or in part, because Defendant properly implemented a valid Alternative Workweek Schedule ("AWS") that Plaintiff and/or the alleged aggrieved employees were subject to.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Reservation of Rights)

(33) Plaintiff's Complaint is vague, ambiguous, indefinite, and uncertain; therefore, Defendant reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence substantiating different or additional defenses, upon ascertaining the specific nature of the violations alleged.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff take nothing by virtue of this action;

(3) That judgment be entered in favor of Defendant;

(4) That Plaintiff's request for class certification be denied;

(5) That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

(6) For such other and further relief as the Court may deem proper.

Dated: May 19, 2026

REED SMITH LLP

By: ______________________

Mara D. Curtis
Timothy M. Wojcik
Samantha M. Jones
Attorneys for Defendant
MED VET CALIFORNIA, INC. (d/b/a MedVet for Pets, Inc. erroneously sued as MedVet for Pets, Inc.)