UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KATHRYN CONWELL,

Plaintiff,

v.

MEDVET CALIFORNIA, INC.,

Defendants.

Case No.  25-cv-10261-BLF

**ORDER DENYING MOTION TO CONSOLIDATE**

[Re:  ECF 46]

Defendant MedVet California, Inc. ("MedVet") moves to consolidate two actions brought against it by Plaintiff Kathryn Conwell ("Conwell"):  the above-captioned putative wage and hour class action, *Conwell v. MedVet California, Inc.*, 25-cv-10262-BLF, and a representative action brought under California's Private Attorney General Act ("PAGA"), *Conwell v. MedVet California, Inc.*, 26-cv-04161-BLF.[1]  Because the Court finds the motion to be appropriate for disposition without oral argument, the hearing set for July 23, 2026 is VACATED.  The motion to consolidate is DENIED for the reasons discussed below.

MedVet's motion is governed by Federal Rule of Civil Procedure 42, which provides in relevant part that "[i[f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).  "To determine whether to consolidate, a court weighs the interest of judicial convenience

---

[1] Both actions name two defendants, MedVet for Pets, Inc., an Ohio corporation, and MedVet California, Inc., an entity of unknown form.  However, it appears that the only proper defendant is MedVet California, Inc., an Ohio corporation.  *See* Not. of Removal ¶¶ 21-24, ECF 1.  MedVet for Pets, Inc. is not a separate entity but rather a dba of MedVet California, Inc.  *See id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

There is no dispute that the putative class action and the PAGA action arise from the same alleged wage and hour violations by MedVet. Accordingly, the Court would be inclined to consolidate the two actions absent other considerations. However, Conwell has filed motions to remand both actions for lack of subject matter jurisdiction. Conwell argues that the Court should defer consideration of the motion to consolidate pending disposition of the motions to remand. MedVet urges the Court to consider the motion to consolidate first.

Conwell's motion to remand the putative class action was fully briefed, argued to the Court, and taken under submission before MedVet filed its motion to consolidate. The Court has determined that it lacks subject matter jurisdiction over the putative class action, as discussed in a separate order remanding the putative class action issued simultaneously with the present order. Specifically, the Court has determined that MedVet failed to establish the amount in controversy in the putative class action exceeds $5,000,000 as required for jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Thus, it would make little sense for the Court to grant the motion to consolidate.

The Court observes that granting the motion to consolidate would not alter the outcome of Conwell's motion to remand the putative class action. The parties have not cited any authority suggesting that consolidation would allow the penalties sought in the PAGA action to be aggregated with the damages sought in the putative class action for purposes of determining jurisdiction of the consolidated action under CAFA. Even if such aggregation were permitted, it is clear that the aggregated amount would not exceed $5,000,000 given MedVet's estimate of the amount in controversy in the PAGA action and the Court's determination of the amount in controversy in the putative class action.

Accordingly, MedVet's motion to consolidate is DENIED.

Dated:  June 24, 2026

_____
BETH LABSON FREEMAN
United States District Judge